## A. J. CARTWRIGHT *et al.,* Assignees, *vs.* BISHOP & CO.

### TROVER. BEFORE PRESTON, J.

### FEBRUARY, 1886.

Although a transfer of all a trader's property may in most instances be treated as an act of bankruptcy, yet the assignees, by admitting proof of claim and paying a dividend on balance of the debt secured by the mortgage now sought to be attacked, are precluded from contesting the validity of the mortgage.

### DECISION OF PRESTON, J.

This is an action of trover by the plaintiffs, as assignees of S. J. Levey & Co., bankrupts, against Bishop & Co., bankers, of Honolulu, to recover certain stock-in-trade, goods, chattels and effects, comprised in a certain chattel mortgage given by S. J. Levey to the defendants, to secure the sum of $5000 and interest.

The case was heard before me, sitting without a jury, on the 4th of last January, when it appeared from the testimony that

on the 13th day of September, 1884, the bankrupt, S. J. Levey, then carrying on business in Honolulu under the style of "S. J. Levey & Co.," executed a mortgage in favor of the defendants for the sum of $5000, then lent and advanced by the defendants to Levey.

The security purported to assign "all groceries, provisions, fixtures, implements, utensils, machinery, wagons, horses, and all other property of every kind belonging to me and used in connection with the grocery and provision business carried on by me at the Excelsior Lodge premises, on Fort street, under the style of 'S. J. Levey & Co.,' including the entire stock of trade in the said business, both the stock now at the said premises, and additions to the same now ordered or on the way from any place to the said premises."

The mortgage contained a power on the happening of certain events mentioned, some of which did happen, to take possession "of the said goods and chattels, together with all other new stock-in-trade, which may be at any future time substituted for such parts of the said goods and chattels as may be sold and disposed of from time to time in the regular course of trade of the said grocery business," and sell the same at public auction.

The money advanced by the defendants was used by Levey in extending his business.

The defendants, under the terms of their security, took possession of the bankrupt's store on the 11th September last, and removed a portion of the goods therein, and afterwards sold the same at auction, realizing $2328.85 net.

On the 15th of September, 1885, the firm of S. J. Levey & Co. were adjudged bankrupt on their own petition, and the plaintiffs were duly appointed assignees.

It also appeared from the testimony that the defendants only removed and sold goods which were the property of Levey at the date of the security, and that they left the after acquired goods which were afterwards sold by the assignees.

It was also proved that the defendants had proved their debt in the bankruptcy, allowing credit for the amount realized on

the sale, and that the plaintiffs had paid them a dividend on the balance.

On this showing it was contended on behalf of the plaintiffs: That the security was void, inasmuch that it did not contain a specific inventory of the goods; that it professed to assign goods not then the property of the mortgagor; that the execution of it was an act of bankruptcy, as it purported to transfer the whole of the trader's stock-in-trade; and that the defendants at the time the security was given had reasonable cause to believe the mortgagor was insolvent.

It is not necessary in this case to decide whether a mortgage intended to cover after acquired property is valid, because the defendants did not exercise the power given to them. And I do not think that the contention of the plaintiffs, that the want of a definite description of the property invalidates the security, is tenable, because the property is identified and was taken into the defendants' possession before the bankruptcy. And although it is true that a transfer of all a trader's property may in most instances be treated as an act of bankruptcy, still I do not think the question arises in this case, as I am of opinion that by admitting the defendants' proof and by paying them a dividend on the balance of their mortgage debt, they are precluded from contesting the validity of the mortgage.

I therefore consider that the defendants are entitled to a decision in their favor, and give judgment accordingly.

*Cecil Brown,* for plaintiffs.

*F. M. Hatch,* for defendants.

February 2d, 1886.